Thompson *v.* Sutphen.

---

WILLIAM THOMPSON *v.* JOHN SUTPHEN.

An action cannot be brought upon a judgment rendered in one of the district or justices' courts of the city of New York, between the same parties, without leave of the court, for good cause shown, on notice to the adverse party. (*a*)

Since the decision upon this point, by the Superior Court, in *Maguire* v. *Gallagher*, (2 Sand. 402,) with which this court has seemed to be in conflict, the 53d, formerly 46th, section of the *Code* has been amended, by incorporating the 7th subdivision, wherein the intention of the legislature to prohibit actions in the justices' and other inferior courts of cities, except where leave has been granted upon notice, is apparent.

APPEAL by the defendant, upon the ground stated in the opinion, from a judgment of the Fourth District Court.

*J. Bancroft Stevens*, for the appellant.

*James L. Phelps, Jr.*, for the respondent.

BY THE COURT. INGRAHAM, FIRST J.—This action was brought in the justice's court of the fourth judicial district, upon a judgment recovered in the same court in 1843.

---

(*a*) See *Mills* v. *Winslow, ante,* p. 18.

Upon the trial the defendant moved for a dismissal of the complaint, upon the ground that the court had no jurisdiction, because leave to sue upon the judgment had not previously been obtained, pursuant to section 71 of the Code. That section prohibits any action upon a judgment in any of the courts of this state, except a court of a justice of the peace, without leave of the court on notice to the adverse party; and section 53, which defines the jurisdiction of the justices' courts, gives, in subdivision 7, jurisdiction of an action on a judgment recovered in an inferior court in a city, where such action is not prohibited by section 71.

Whatever may have been the construction of the term justices of the peace, as used in section 71, we think that the same does not include judgments rendered in inferior courts in cities, and that an action cannot be brought on such a judgment without leave of the court first obtained. We have so held in *Mills* v. *Winslow*. (*Ante*, p. 18.)

There appears to have been some conflict between this court and the Superior Court of this city on this point, from a decision of that court in *Maguire* v. *Gallagher*, (2 Sand. S. C. Rep. 402,) but that decision was made as the Code was passed in 1848. In the 46th section of the Code, (now 53,) the 7th subdivision above referred to had not been adopted, and that case was decided upon the meaning of the 1st subdivision as to the term "contract." Since that time the incorporation of the 7th subdivision clearly shows that the legislature intended to apply to these courts the prohibition in section 71, and to require thereafter that such permission should be obtained before commencing an action upon a judgment in those courts.

As no such leave was obtained, before commencing the action, the court had no jurisdiction, and the justice erred in not dismissing the complaint.

Judgment reversed.